IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TOBIN DON LEMMONS,            )
                             )
            Petitioner,       )
v.                           )            Case No. CIV-06-354-L
                             )
RON WARD,                     )
            Respondent.       )

## <u>REPORT AND RECOMMENDATION</u>

In this habeas corpus action filed pursuant to 28 U.S.C. § 2241, Petitioner, Tobin Don

Lemmons, challenges a prison disciplinary conviction and seeks the restoration of earned

credits.  Petitioner claims the conviction was obtained in violation of his due process rights.

Respondent has not addressed the merits of the Petition.  Instead Respondent has moved to

dismiss the Petition [Doc. #11] on grounds of failure to exhaust state administrative remedies

or alternatively, failure to timely file the Petition.  Petitioner has been given the opportunity

to respond to the motion, *see* Order [Doc. #12], but has failed to do so within the allotted

time period.  The matter is now at issue.  For the reasons set forth below, it is recommended

that Respondent's Motion be granted and the Petition be dismissed.[1]

---

[1]On the same day Petitioner filed the instant Petition, he filed an additional habeas petition
pursuant to 28 U.S.C. § 2241 challenging a separate disciplinary conviction for a misconduct offense
committed on the same date as the misconduct conviction at issue here.  *See Lemmons v. Ward*, Case
No. CIV-06-353-L.  That Petition has been dismissed on exhaustion grounds or in the alternative
as untimely filed.  *See id.*, Order Adopting Report and Recommendation [Doc #14] and Judgment
entered July 7, 2006 [Doc. #15].

**Relevant Background**

On August 2, 2004, Petitioner was convicted in a prison disciplinary proceeding on charges of individual disruptive behavior while in the custody of the Oklahoma Department of Corrections (ODOC) at Oklahoma County Community Corrections Center. *See* Petition, Ex. K. As punishment, Petitioner lost 120 days of earned credits, was restricted to level one for 60 days and was given 40 hours of extra duty. *Id*. The facility head affirmed the conviction on that same date and Petitioner received notification of the decision on August 3, 2004. *Id*. As set forth below, Petitioner did not timely file an appeal of the misconduct conviction and his attempts to obtain an appeal out of time were unsuccessful.

## Analysis

### I.   Exhaustion of State Remedies

Tenth Circuit precedent makes clear that prior to seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, a state prisoner must first exhaust available state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement extends to administrative remedies as well as state court remedies. *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006).

Respondent contends Petitioner has failed to exhaust his "state administrative remedy" and seeks dismissal of the Petition on this basis.[2] The record demonstrates Petitioner did not

---

[2]Respondent does not address whether Petitioner was required to exhaust state court remedies. At the time of Petitioner's disciplinary conviction in August 2004, there was no available state court remedy for Oklahoma prisoners "challenging the merits of a disciplinary board revocation (continued...)

appeal the misconduct conviction within the thirty-day period required by governing ODOC disciplinary procedures.  *See* OP-060125, Department Inmate Disciplinary Procedures, ¶ V(A)(1), Appeal Process ("The inmate/offender will have 30 calendar days after receipt of the decision of a finding of guilt to submit an appeal to the facility head/district supervisor.").[3]

Instead, Petitioner invoked the prison grievance procedure on August 19, 2004, by filing a Grievance Report Form.  *See* Petition, Ex. R.  Petitioner alleged he was being denied the necessary forms to timely file his disciplinary appeal due to his transfer to the Oklahoma County Detention Center (OCDC) immediately following the disciplinary hearing. Petitioner's Grievance Report Form was returned to him, and Petitioner was advised that he was on grievance restriction and had failed to follow the proper procedure governing submission of grievances during the restriction period.  *See* Petition, Ex. S.

On October 25, 2004, Petitioner submitted a Request to Staff and as relief, requested that he be allowed to file an appeal out of time, referencing the ODOC Disciplinary Procedures, OP-060125.  *See* Petition, Ex. V.  Petitioner stated that he had been "detained

---

[2](...continued)
of earned credits where the inmate is seeking only speedier, and not immediate, release."  *Gamble v. Calbone*, 375 F.3d 1021, 1027 (10th Cir. 2004).  As Petitioner does not seek his immediate release, dismissal on grounds of failure to exhaust state court remedies would not be proper.

Effective May 10, 2005, the Oklahoma legislature has now provided for judicial review of "prison disciplinary proceedings that result in the revocation of earned credits."  Okla. Stat. tit. 57, § 564.1 (Supp. 2006).

[3]Available at http://www.doc.state.ok.us/Offtech/op060125.htm.

3

at the [OCDC] since the date of my sanctions 8/03/04 on my misconduct without access to

operations memorandums, policies or the proper forms in which to perfect my appeals and

I am required to apply for an appeal out of time through the director before I can proceed."

That Request to Staff was denied on November 16, 2004, and Petitioner was advised that he

had "access to procedures and forms while in the OK County Jail, along with visits from your

case manager.  You could have filed your appeal in a timely manner.  Request denied."

Petition, Ex. V.[4]

Petitioner attempted to file a Grievance regarding the denial of this Request to Staff

but the Grievance was returned on January 12, 2005.  Petitioner was advised that a

misconduct is not a grievable issue and that the "ruling of the administrative review authority

or designee is final."  Petition, Exs. W and Y.[5]

More than six months following the disciplinary conviction, on February 27, 2005,

Petitioner submitted a misconduct appeal form to his District Supervisor, requesting an

appeal out of time.   *See* Petition, Ex. L.  By letter dated March 4, 2005, the District

Supervisor notified Petitioner that he must submit such requests to the Director.  The District

---

[4]Petitioner's consolidated record card shows that he was incarcerated at the OCDC through October 19, 2004, at which time he was transferred to Howard McLeod Correctional Center.  *See* Motion to Dismiss, Ex. 1.

[5]The ODOC's Inmate/Offender Grievance Process (available at http://www.doc.state.ok.us.Offtech/op090124.htm) provides that misconduct convictions are not grievable matters to which the grievance procedures apply.  *See* OP-090124, ¶B(1) ("Misconduct reports received through the department disciplinary procedures may not be appealed through the grievance process.  Misconduct reports may only be appealed through the appeal procedures referenced in OP-060125 entitled 'Department Inmate Disciplinary Procedures.'").

Supervisor further notified Petitioner that such requests "must be received within 30 calendar days of the date of denial of the untimely disciplinary appeal by the administrative reviewing authority." *See* Petition, Ex. M. On April 7, 2005, the appeal was returned by the Director's Designee, and Petitioner was advised that he had forfeited his opportunity to appeal. *See* Petition, Ex. N.  Reference was made to the dispositions of his grievances entered on November 16, 2004, and January 12, 2005. *Id*.

The record demonstrates that Petitioner failed to exhaust his administrative remedies. He did not follow the proper procedure for appealing the misconduct conviction or for requesting an appeal out of time.  Instead, he pursued remedies through the prison grievance procedure alleging he was unable to obtain the forms necessary to appeal the misconduct conviction.  The record shows prison officials rejected his claim that he could not file a misconduct appeal noting that he had access to procedures and forms while at OCDC as well as contact with his case manager.  Therefore, Petitioner has failed to demonstrate that he was prevented from complying with the administrative appeal process.  The Petition, therefore, is subject to dismissal for failure to exhaust administrative remedies.

## II.   <u>Timeliness of the Petition</u>

Respondent alternatively seeks dismissal of the Petition as untimely.  The one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), applies to habeas petitioner brought pursuant to 28 U.S.C. § 2241 contesting administrative decisions. *Dulworth v. Evans*, 442 F.3d at 1267. As *Dulworth* instructs, the limitations period runs from the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise

of due diligence. *Id*. at 1268; *see also* 28 U.S.C. § 2244(d)(1)(D).  Where a petitioner timely

and diligently pursues exhaustion of administrative remedies, the date on which the factual

predicate of a petitioner's claim could have been discovered is the date that the denial of the

administrative appeal becomes final. *Id*.

    As discussed, the record establishes that Petitioner did not timely and diligently pursue

administrative appeal of his misconduct conviction nor did he properly utilize the available

procedures.  Therefore, the limitations period commenced on September 2, 2004, the day on

which the thirty day period for appealing the disciplinary conviction expired. *Compare

Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (interpreting 28 U.S.C. § 2244(d)(2)

and holding that "regardless of whether a petitioner actually appeals a denial of a

post-conviction application, the limitations period is tolled during the period in which the

petitioner could have sought an appeal under state law").  Therefore, Petitioner had until

September 2, 2005, within which to file his federal habeas petition.  The instant Petition filed

on April 3, 2006 is untimely.  Petitioner has not demonstrated rare and exceptional

circumstances that would render equitable tolling of the limitations period appropriate. *See

Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d

799, 808 (10th Cir. 2000)).  Nor has Petitioner demonstrated he has diligently pursued his

6

claims.  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Accordingly, dismissal of the Petition on the alternative grounds that it has been untimely filed is proper.[6]

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #11] be granted and the Petition be dismissed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of this Court by August   9th  , 2006.  *See* Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[6]Respondent contends that the limitations period commenced, at the latest, on November 16, 2004, when Petitioner's Request to Staff – requesting permission to file an appeal out of time – was denied and prison officials determined he could have filed a timely appeal but had failed to do so. *See* Petition, Ex. V.   Even if this date governs, the limitations period would have expired on November 16, 2005, and the instant Petition is untimely.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this ___20th___ day of July, 2006.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE